# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | ) |
| Plaintiff, | ) Civil Action No. 18 – 340 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT MR. GILMORE, C.O. COMER and CITY OF PITTSBURGH, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Currently pending before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendant City of Pittsburgh ("the City") on February 6, 2019. (ECF No. 22.) For the reasons that follow, the Motion will be granted and the City will be dismissed from this action with prejudice.

### A. Procedural History

Plaintiff Jerome Junior Washington ("Plaintiff") is an inmate of the Pennsylvania Department of Corrections. On March 15, 2018, the Court received a prisoner civil rights complaint ("the Complaint") without a motion for leave to proceed *in forma pauperis* or payment of the statutory filing fee. (ECF No. 1.) Following the Court's issuance of a deficiency order and administrative closure of this case, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, which the Court granted on April 12, 2018. (ECF Nos. 2, 3, 4.) As a result, the case was reopened and the Complaint filed on April 12, 2018. (ECF No. 5.)

On October 1, 2018, the undersigned issued a Report and Recommendation ("R&R") recommending that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 11.) This recommendation was based on a statement made by Plaintiff in the Complaint that he was still exhausting his administrative remedies with respect to the allegations at issue. The Court entered a Memorandum Order adopting the R&R on October 31, 2018, (ECF No. 12), but, in his written Objections to that R&R, which were untimely filed, Plaintiff asserted that he had finished exhausting his administrative remedies since the filing of the Complaint, (ECF No. 13). As a result, the Court vacated it's October 31, 2018 Order and reopened this case. (ECF No. 17.)

The City filed a Motion to Dismiss the Complaint for Failure to State a Claim on February 6, 2019, (ECF No. 22), and Defendants Superintendent Gilmore and CO Comer ("the DOC Defendants") filed an Answer to the Complaint on April 1, 2019, (ECF No. 35). While Plaintiff was given an opportunity to file a response in opposition to the City's Motion to Dismiss (ECF Nos. 34, 41) no response was ever filed and the deadline in which to do so has since passed. As such, the Motion is now ripe for review.

**B. Standard**

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief

2

> above the speculative level," Bell Atlantic Corp. v. Twombly, 550
> U.S. 544, 555 (2007), a plaintiff "need only put forth allegations
> that raise a reasonable expectation that discovery will reveal
> evidence of the necessary element." *Fowler*, 578 F.3d at 213
> (quotation marks and citations omitted); *see also* Covington v. Int'l
> Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d
> Cir. 2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

### C. Discussion

#### 1. Summary of Factual Allegations

The Complaint alleges that around noon on July 9, 2017, at which time Plaintiff was confined in the Secure Residential Treatment Unit ("SRTU"), a form of special needs housing at

3

the State Correctional Institute Greene ("SCI-Greene"),[1] he had what he describes as a "self-harm crisis" and attempted to cut his arm with a spoon. (ECF No. 5, ¶¶ 12-13.) At that time, CO Comer noticed Plaintiff in his cell with blood dripping down his arm and said, "What the fuck[?] Damn, you know . . . all they are going to do is take all [of] your property and just put a C.O. at your door. You are not going to the P.O.C. cell because it is full[,] so let me go and tell somebody." Id., ¶ 13. Plaintiff claims that CO Comer returned approximately thirty minutes later without assistance and proceeded to open the wicket on his cell door and spray him with OC spray. Id., ¶ 14.

Plaintiff claims that, in violation of the Eighth Amendment, CO Comer used excessive force and was deliberately indifferent to his serious mental health needs on July 9, 2017. Id., ¶¶ 15-19. As to Superintendent Gilmore, Plaintiff seeks to hold him accountable for CO Comer's alleged actions because he turns a blind eye to the excessive force used by his officers and because he is ultimately responsible for the care, custody and control of all the inmates at SCI-Greene. Id., ¶ 20. In addition to compensatory and punitive damages, he seeks the removal of restraints and to prohibit the use of mace/OC spray on inmates in the SRTU. Id., ¶¶ 21-25.

---

[1] According to the Pennsylvania Department of Corrections Policy Statement on Access to Mental Health Care, which is available to the public on their website, the SRTU "is designed to provide management, programming, and treatment for an inmate who exhibits Serious Mental Illness (SMI), chronic disciplinary issues, and demonstrates an inability to adapt to a general population setting." DOC PS 13.8.1, § 10(A)(1). It is "a secure diversionary unit for mentally ill inmates who do not currently meet commitment criteria according to the Pennsylvania Mental Health Procedures Act and require a setting due to their demonstrated problematic behavior in less secure environments." Id.

## 2. **The City of Pittsburgh**

The City moves for dismissal based on the fact that Plaintiff has failed to allege any involvement by one of its agents or employees and also because he failed to identify a policy or custom of the City that related to his alleged constitutional injury. (ECF No. 23, pp.2-4.) The Court agrees.

First, there are no factual allegations relating to the City in the Complaint, but it appears that Plaintiff seeks to hold the City liable because he believes the injury occurred within the City's limits and/or because he is a resident of the City.[2] (ECF No. 5, ¶¶ 1-2.) Plaintiff, however, is mistaken on both accounts. The alleged misconduct in this case occurred at SCI-Greene located in Waynesburg, Pennsylvania, which is not the same municipal entity as the City. Also, Plaintiff, as an inmate at SCI-Greene, was a resident of Waynesburg, Pennsylvania at the time of the incident in question, and, according to his criminal dockets, prior to his incarceration, Plaintiff was a resident of McKeesport, Pennsylvania, which is also a different municipal entity than the City. (ECF No. 23, p.3, n.1.)

Second, Plaintiff does not identify any City policy or custom that is responsible for his alleged constitutional injury. *See* Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978) (a plaintiff seeking to hold a municipality liable for a constitutional injury must allege that the injury was the result of a policy or custom of that municipality). Nor could he as all of the facts in the Complaint relate to alleged mistreatment by employees of the Pennsylvania Department of Corrections, which is a state agency, and, had Plaintiff sued the State of

---

[2] Plaintiff states that he was "confined at SCI-Greene S.R.T.U. program on a[] mental health unit in the City of Pittsburgh and the State of Pennsylvania . . . ." (ECF No. 5, ¶ 1.) He also states that he "is and was at all relevant times mentioned herein, an adult citizen of the United States and resident of the State of Pittsburgh/Pennsylvania." Id., ¶ 2.

Pennsylvania, his claims would be barred by the Eleventh Amendment to the United States. *See* Hans v. Louisiana, 134 U.S. 1 (1890); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).

Since it is clear from the face of the Complaint that the City is not a proper party, the claims against it will be dismissed and with prejudice as it is clear that any attempt at amending would be futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). A separate order will issue.

Dated: August 28, 2019.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge


Cc: Jerome Junior Washington
HV-0282
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of record
(Via CM/ECF electronic mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JEROME JUNIOR WASHINGTON, | ) | |
|---|---|---|
| | ) | Civil Action No. 18 – 340 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT MR. GILMORE, C.O. COMER and CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 28th day of August, 2019,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant City of Pittsburgh (ECF No. 22) is granted.

**AND IT IS FURTHER ORDERED** that Defendant City of Pittsburgh is dismissed from this action with prejudice and the Clerk of Court is directed to terminate them from the docket.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Jerome Junior Washington
HV-0282
SCI Greene
175 Progress Drive
Waynesburg, PA  15370

Counsel of record
(Via CM/ECF electronic mail)