IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME WASHINGTON, | ) |
| | ) Civil Action No. 18 - 340 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) ECF Nos. 176, 178, 179 |
| GILMORE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION ON PLAINTIFF'S POST TRIAL MOTIONS**

**I. Summation**

For the reasons set forth below, Plaintiff's Motions for Post Trial Relief Pursuant to Fed. R. Civ. P. 59(e), 60(b) and 50(b) (ECF Nos. 176, 178 and 179) will be denied.

**II. Factual and Procedural History**

The parties are familiar with the facts of the case, which need not be restated in detail here. This case was tried to a jury commencing on July 12, 2022[1] and ending on July 14, 2022 with a defense verdict. ECF No. 169. Plaintiff was represented during the trial by counsel appointed by the Court on a pro bono basis. The case involved an allegation of the use of excessive force by Defendant Comer on July 9, 2017. Also named in the Complaint was Robert Gilmore as supervisor of Officer Comer. Gilmore was dismissed on July 12, 2022 on an oral

---

[1] Jury selection took place on July 6, 2022. The Court was advised that day that one of the defense attorneys tested positive for Covid, (ECF No. 163) so the trial was continued for the 5 days as required by the CDC and commenced the morning of July 12. The Court notes that Defendants filed a motion to continue the trial which the Court denied, and new counsel had to enter an appearance in the case. ECF Nos. 164, 165, 166.

1

Motion pursuant to Fed. R. Civ. P. 50(a) presented at the close of Plaintiff's case. ECF Nos. 167, 168.

Although Plaintiff was still represented by counsel, he filed these Motions pro se on July 18, 2022.[2] The Motions include a Motion to amend or alter judgment pursuant to Rule 59(e) and Motion for relief from judgment pursuant to Rule 60(b) (ECF No. 176), Motion for judgment as a matter of law pursuant to Rule 50(b) (ECF No. 177), and Motion for a new trial pursuant to Rule 59(a). ECF No. 178. Defendant filed a response on August 22, 2022. ECF No. 188.

### III. Applicable Standards

#### A. Motion To Alter or Amend Judgment Rule 59(e)

"A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal citation omitted). "[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal" in recognition of "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011).

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. It is not to be used to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. The Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to

---

[2] They were handed by the Plaintiff to the Courtroom Deputy on July 18 during the trial of another case filed by Plaintiff, C.A. No. 18-342.

correct a clear error of law or fact or to prevent manifest injustice." *Id*. (quotation marks omitted)[.]

*Blystone*, 664 F.3d at 415 (first bracketed text added by the court of appeals).

B. <u>Motion For Relief From Judgment Rule 60(b)</u>

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds. These include, *inter alia*, mistake, inadvertence, newly discovered evidence, fraud and misrepresentation. Fed. R. Civ. P. 60(b).  A motion under subsection 60(b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances" to justify the reopening of a final judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  Relief from judgment should be granted only in "exceptional circumstances." *Boughner v. Sec'y of Health, Educ. And Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) (citation omitted).

C. <u>Motion For Judgment As A Matter of Law Rule 50(b)</u>

Federal Rule of Civil Procedure 50 guides motions for judgment as a matter of law when "the facts are sufficiently clear that the law requires a particular result". *Weisgram v. Marley Co.*, 528 U.S. 440, 447 (2000) (citing 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2521, p. 240 (2d ed. 1995)). At the conclusion of the non-moving party's case, the moving party may make a motion for judgment as a matter of law any time before submission to the jury. Fed. R. Civ. P. 50(a)(2). If judgment as a matter of law is not granted under 50(a), a party may renew the motion under 50(b) after the entry of judgment. Fed. R. Civ. P. 50(b). A 50(b) motion "can only be made on grounds specifically advanced in a motion for a directed verdict at the end of plaintiff's case." *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 220 (3d Cir. 2021) (citing *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614, 617 (3d Cir. 1989)). If a defendant fails to raise an issue in a Rule 50(a)(2) motion with "sufficient specificity to put the plaintiffs on notice,"

3

they waive their right to raise the issue in a Rule 50(b) motion. *Id.* (citing *Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997)).

    D.  <u>Motion For a New Trial Rule 59(a)</u>

Federal Rule of Civil Procedure 59(a) states in relevant part as follows:

> (1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:
>   (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Fed. R. Civ. P. 59(a)(1)(A).

The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.,* 49 F.3d 1002, 1017 (3d Cir. 1995). Reasons for granting a new trial include verdicts which are against the weight of the evidence or prejudicial errors of law. *Klein v. Hollings,* 992 F.2d 1285, 1289-90 (3d Cir. 1993); *Brown v. Nutrition Mgmt. Servs. Co.*, 370 F. App'x 267, 268-70 (3d Cir. 2010). Taking the latter first, when the basis for the motion is an alleged error concerning the court's evidentiary rulings or jury instructions – that is, when it concerns a matter within the discretion of the trial court - a District Court must first determine whether an error was made during the course of the trial, and then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.,* 709 F. Supp. 600, 601 (E.D. Pa.1989) (quoting Fed. R. Civ. P. 61), *aff'd,* 922 F.2d 184 (3d Cir.1990). Whether any error committed by the court was harmless is governed by Federal Rule of Civil Procedure 61.[3]

---

[3] "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61; *cf.* Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

Thus, "[u]nless a substantial right of the party is affected," a non-constitutional error in a civil case is harmless. *Linkstrom v. Golden T. Farms,* 883 F.2d 269, 269 (3d Cir. 1989). "Absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.,* 152 F.Supp.2d 784, 795 (E.D .Pa.2001). A court, "should do so only when "the great weight of the evidence cuts against the verdict and ... [ ] a miscarriage of justice would result if the verdict were to stand." *Leonard v. Stemtech Int'l Inc.,* 834 F.3d 376, 386 (3d Cir. 2016).

The United States Court of Appeals for the Third Circuit has further indicated that the District Court's discretion to grant a new trial is more limited when the alleged ground is that the verdict is against the weight of the evidence. *Greenleaf v. Garlock, Inc.,* 174 F.3d 352, 366 (3d Cir. 1999). In this instance, new trials "'are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" *Greenleaf,* 174 F.3d at 366 (quoting *Williamson v. Consol. Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir. 1991)); *EEOC v. Delaware Dep't of Health and Soc. Servs.,* 865 F.2d 1408, 1413 (3d Cir. 1989). "[T]his stringent standard is necessary to ensure that a district court does not substitute its judgment of the facts and credibility of the witnesses for that of the jury." *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1076 (3d Cir. 1996) (citations omitted). The movant bears the burden of proof on a Motion for a New Trial. *Whelan v. Teledyne Metal Working Prods.,* No. CA 01-1316, 2006 WL 39156, at *7 (W.D. Pa. 2006). And the party seeking a new trial must meet a high threshold in order to obtain this "extraordinary relief." *Ponzini v. PrimeCare Med., Inc.,* 269 F. Supp. 3d 444, 575 (M.D. Pa. 2017), *aff'd in part, vacated in part sub nom. Ponzini v. Monroe Cnty,* 789 F. App'x 313 (3d Cir. 2019).

IV. <u>Analysis</u>

Plaintiff's Motions, although filed under different rules, have consistent themes. He generally alleges that the Court was prejudiced against him but provides no specific examples of this prejudice other than to complain about not receiving certain evidence during discovery, and that changes were made to the jury charge. He argues that the weight of the evidence was on the side of Plaintiff. He states for the first time that he was not permitted to call witnesses and view evidence and videos during trial.

Plaintiff claims that the verdict was against the weight of the evidence first because the entire handheld video was not shown to the jury while Plaintiff was present. ECF No. 176 p.1, ECF No. 178 p.2, ECF No. 179 pp.2 and 3.  The video in question was Plaintiff's Exhibit 21. Portions of it were shown during Plaintiff's direct examination and more during the testimony of defense witness Lt. Trout. Another portion was played by defense counsel at the end of the trial without any commentary offered. At no time did Plaintiff request to play any additional portions of the video. After the jury adjourned to deliberate, Mr. Piatt offered to edit the video and place on a flash drive only those portions that had been shown to the jury during the trial. The jury did watch the video that was on the flash drive during their deliberations. There was no objection by any party to the entire video not being played during trial or made available to the jury during deliberations. While Plaintiff may not now agree with this decision, he cannot raise it in post-trial motions as the issue was not preserved. "A party who fails to object to errors at trial waives the right to complain about them following trial." *Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998).

The same is true for Plaintiff's complaints about his not being allowed time to review evidence. This was never brought up during the trial. The Court asked counsel if he had an

opportunity to speak with his client and was told that he did. Plaintiff also appears to be dissatisfied with the job performed by his pro bono attorney. However, that is not grounds for a new trial. His attorney did an excellent job both before and during the trial. In addition, not only is there no right to effective counsel in a civil case, there is no right to counsel at all in a civil matter. *Delker v. Blaker*, 488 F. App'x. 650, 651 (3d Cir. 2012); *Turner v. Rogers*, 564 U.S. 431, 433 (2011). However, the Court made numerous attempts to find counsel for Plaintiff, and it did so in Attorney Piatt. See ECF Nos. 109, 112, 113, 114.

      Plaintiff argues in all of his post-trial motions that he needed additional discovery, primarily videos. Post trial is not the time to ask for discovery. The Court entered an initial Case Management Order ("CMO") on May 1, 2019 (ECF No. 42) directing Defendants to provide all relevant evidence to Plaintiff. A second CMO was entered on September 23, 2019 with a discovery deadline of November 2019. ECF No. 54. Plaintiff made several requests for additional discovery, including numerous videos that he believed existed, some of which did not. The Court granted most of his discovery requests and held telephone conferences to try to determine what videos were available. *See* ECF Nos. 55, 56, 57, 58, 69 and 70. No additional motions to compel were filed and discovery has long closed. Plaintiff cannot now ask that discovery be provided to him. There is nothing here that is newly discovered or could not have been requested during the discovery phase of the case. *See VI Derivatives, LLC v. Sir. Of Virgin Islands Bureau of Internal Revenue U.S.*, 561 F. App'x 193, 195 (3d Cir. 2014). In addition, no complaints or objections were made during trial about the non-availability of any evidence, including but not limited to videos.

      Plaintiff complains about his attorney not calling witnesses at trial. Again, counsel did an excellent job in this case. He made no request to call any additional witnesses that the Court

denied. Therefore, Plaintiff does not have grounds to complain of this now. *See Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967) (not calling witnesses is not grounds for a new trial without evidence the witness could not have been called during the trial and that the witness' presence in the trial would probably change the outcome of the case).

      Plaintiff next argues that the damages were inadequate due to an error in the jury charge as to his eighth amendment claim and proximate cause. ECF No. 176 p.1, ECF No. 178 p.2, ECF No. 179 p.2. Both sides submitted a proposed charge and the Court held numerous charging conferences, prior to and during trial. ECF No. 151, 162. Plaintiff fails to identify any specific objection to the charge that was made during trial as a basis for his post-trial requests. The charge did erroneously include a reference to a retaliation claim, although there was no retaliation claim in the case. There was also an inadvertent omission of the third element of denial of medical care. Both were a typographical error and were corrected while the Court read the charge to the jury. As it is the Court's practice to give the jury a copy of the charge to take with them during deliberations, a revised charge was given to the jury in hard copy during the first hour of deliberations. The jury deliberated for many hours with the revised charge in hand on July 13 and returned the following morning for more deliberations before reaching a verdict. There is no valid argument that these minor errors caused an erroneous defense verdict.

      Plaintiff's next argument is that the Court instructed the jury that a failure to follow Department of Corrections Policy is not a violation of the constitution. As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison procedures. *See Steele v. Cicchi*, 855 F.3d 494. 508 (3d Cir. 2017) (no standalone protected liberty interest in prison manual procedures); *Waldron v. Wetzel*, No. 20-0136, 2020 WL 3084082, at *6-7 (W.D. Pa. June 10, 2020) (no claim based on

failure to follow DOC Inmate Handbook procedure); *McCrudden v. United States*, No. CV 14-3532, 2016 WL 1259965, at *4 (D.N.J. Mar. 31, 2016) (no right to sue for prison's alleged violation of inmate handbook); *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2008) ("a prison policy manual does not have the force of law and does not rise to the level of a regulation") (citation omitted). Therefore, this instruction is supported by case law and does not provide a ground for a new trial.

The Court granted Defendant Gilmore's request for dismissal pursuant to Rule 50(a) following the close of Plaintiff's case. ECF Nos. 167, 168. Gilmore was named as a Defendant on the basis that he was Defendant Comer's supervisor. It is well settled that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981) (other citation omitted)). A plaintiff must show this personal involvement through allegations of participation, personal direction or actual knowledge and acquiescence, and these allegations "must be made with appropriate particularity." *Id.*

In the context of a defendant who is alleged to have performed in a supervisory role, courts have identified two general instances in which either the conduct of that supervisor-defendant or the policies and procedures of that supervisor-defendant may amount to personal involvement and thereby warrant a finding of individual, supervisory liability for a constitutional tort. First, supervisory liability may attach if the supervisor personally "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d

9

1186, 1190-91 (3d Cir. 1995)). Second, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *Stoneking v. Bradford Area Sch. Dist*., 882 F.2d 720, 725 (3d Cir. 1989)).

As no evidence had been presented that Gilmore was personally involved in the incident, or that he established or maintained a policy or practice which directly caused the constitutional harm, the Court finds no reason to reverse its ruling pursuant to Fed. R. Civ. P. 50(a).

Plaintiff asserts that the verdict was against the weight of the evidence. ECF No. 176 pp.1,2; 179 p.1. This jury verdict does not meet the high "against the weight of the evidence" standard, as it neither resulted in a miscarriage of justice nor was conscience-shocking.  To the contrary, Plaintiff testified at length about that happened to him and the jury heard conflicting evidence from Defendant, and duly made credibility assessments as to each witness, including Plaintiff.  *See Ponzini v. Primecare Medical, Inc*., 269 F. Supp. 3d 444, 548 (M.D. Pa. 2017), *aff'd in part, vacated in part sub nom. Ponzini v. Monroe Cnty*., 789 F. App'x 313 (3d Cir. 2019). ("Where evidence is in conflict and subject to two interpretations, the trial judge should be reluctant to grant a new trial."); *Rhoades, Inc. v. United Air Lines, Inc*., 340 F.2d 481, 485-86 (3d Cir. 1965) ("[T]he mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony'…. [T]he trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not convince the trier of its merit."); *Id.* (holding that where jury might have rationally weighed factors in evidence in reaching its decision, rejection of some uncontradicted testimony fell within bounds of reason).

Finally, Plaintiff's Motion for a Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) must be denied. No motion for judgment as a matter of law was made by Plaintiff under Rule 50(a) at trial.[4] As a Motion under 50(b) is a renewal of a 50(a) motion, no grounds exist for a 50(b) motion at this juncture. *See* Pa. R. Civ. P. 50(b).

## V. Conclusion

For the reasons set forth above, the Court finds that Plaintiff's Motions for Post Trial Relief Pursuant to Fed. R. Civ. P. 59(e), 60(b) and 50(b) (ECF Nos. 176, 178 and 179) are denied. A separate Order will be entered.

Dated: September 15, 2022

By the Court:

_____

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:    Jerome Junior Washington
       HV-0282
       SCI Rockview
       Box A
       1 Rockview Place
       Bellefonte, PA  16823

       Counsel of Record
       (Via CM/ECF electronic mail)

---

[4] Had Plaintiff made such a motion, it would have been denied. There was no basis to grant judgment in favor of Plaintiff at the close of the case. The evidence presented by Defendant was sufficient to allow the jury to decide the case and to support a verdict in his favor.